JOHN M. SKINNER and others *vs*. BILEY LYFORD and others.

Somerset. Opinion March 16, 1882.

*Poor debtor's bond to obtain release from arrest for taxes.*

A poor debtor's bond given to obtain a release from an arrest for taxes should run to those persons who were assessors of the town at the time the arrest was made, to be a valid statute bond; but if it run to those persons who were assessors at the time the tax was assessed, it will be a valid bond at common law.

ON REPORT.

Debt on a poor debtor's bond given by Biley Lyford, the principal defendant, to procure his release from arrest for the taxes of

1876, in the town of St. Albans. The bond run to the assessors who signed the tax warrant, and not to the assessors who were in office when the arrest was made.

The question submitted to the court was, whether the bond was void or valid.

· *D. D. Stewart,* for the plaintiffs, cited: *Bates* v. *Butler,* 46 Maine, 393; *Hoxie* v. *Weston,* 19 Maine, 322; *Athens* v. *Ware,* 39 Maine, 345; *Kavanagh* v. *Saunders,* 8 Maine, 422; *Burroughs* v. *Lowder,* 8 Mass. 381; *Randall* v. *Bowden,* 48 Maine, 37; *Smith* v. *Brown,* 61 Maine, 70; *Clapp* v. *Cofran,* 7 Mass. 101.

. *Josiah Crosby,* for the defendants, contended in an able argument, that the bond was void. The points of the argument are stated in the opinion. Counsel cited: Stat. 1878, c. 79; *Purple* v. *Purple,* 5 Pick. 226, and contended that the cases of *Hoxie* v. *Weston,* 19 Maine, 322; *Athens* v. *Ware,* 39 Maine, 345; and *Pindar* v. *Upton,* 44 N. H. 358, cannot be regarded as authority to sustain the validity of the bond in suit.

PETERS, J. One of the defendants, to procure his release from arrest for taxes, gave the poor debtor's bond sued in this action, running to those persons who were assessors of the town when the tax was assessed, when it should have been to those who were assessors when the arrest was made. Laws of 1879, c. 79. It is not, therefore, a statute bond. The question is whether a suit may be maintained upon it as a valid bond at common law.

It is, in this State, a well settled rule, that a bond from a debtor, in the custody of the sheriff, voluntarily offered to obtain his release, accepted by the creditor, imposing the same conditions as those required by law or conditions similar thereto, not forbidden by the statute or public policy, though varying from the bond prescribed for such purpose by the statute, is a good bond at common law.

That principle clearly covers this case. Here is a bond in accordance with the requirements of the statute, excepting in a single particular. The variation is, that one set of assessors are made the trustees of the town, instead of another set. The

statute designates one set of assessors to represent the town as creditors, and the parties agree upon a different set. The statute prescribes one form, and the parties substitute another. There is nothing illegal about it; no oppression is practiced; a consideration is not wanting. Practically, the one form is as serviceable as the other.

The counsel for the defendants suggests considerations against the lawfulness of the bond, which go to the question of convenience more than anything else. It is said, the plaintiffs are only private citizens. But they are a portion of the real creditors, and are in the place of all the creditors by representation. They are the obligees or covenantees by description. *Carr* v. *Bartlett*, 72 Maine, 120. It is said, that they could not receive the money from the debtors for the town; and it is asked how the town could get the money out of their hands, if paid to them. We can appreciate no difficulty about that. Either set of assessors would be a nominal party, and either could be dealt with as well as the other. Had the bond been to those who were the assessors of the town at the time of the arrest, their offices must have expired before the bond would have been forfeited. It is further said, that one condition of the bond was impossible of performance; that the debtor could not surrender himself to the jailer, because the jailer could not receive him upon a common law bond. But the debtor could have tendered a surrender of himself at the jail, and that act might have been a performance or have excused a further performance. But, be that as it may, the rule is, that if there are several alternative conditions, one or more of which are, at the execution of the bond, impossible to be performed, the condition of the bond will be broken, if none of the others be performed.

We think, however, the question is foreclosed against the defendants by our own adjudications in cases presenting the same question. *Hoxie* v. *Weston*, 19 Maine, 322; *Athens* v. *Ware*, 39 Maine, 345. And we think that the doctrine of those cases is supported, rather than opposed, by the New Hampshire case cited by the defendants. (*Pindar* v. *Upton*, 44 N. H. 358.) We do not concur with the counsel for the defendants, in regard-

ing the authorities cited by the court in *Hoxie* v. *Weston, supra,* as a groundless support for the decision in that case, or as malapropos to the question there discussed. We think them to be good illustrations of the adaptations which the law furnishes, to preserve the spirit of the maxim, that papers shall, if possible, be so interpreted *ut res magis valeat quam pereat.*

The counsel for the defendants insists strongly upon the case of *Purple* v. *Purple,* 5 Pick. 226, as an adverse authority upon this question. We cannot so regard it. In that case, an officer undertook to replevy goods, taking a bond of the plaintiffs to himself instead of to the defendant. That made him a trespasser. He could not proceed a step without a legal bond. Hence, one of the requirements in the definition of a good common law bond was wanting. It was an unlawful proceeding. A trespasser took a bond to himself from the party for whom he committed the trespass. The defendant in the original action was no party to the bond directly or indirectly, voluntarily or involuntarily. The case does not disclose that the action upon the bond was prosecuted for his benefit. It may have been for the benefit of the officer. In *Purple* v. *Purple,* the court say, that "bonds varying in some respects from the requisitions of the statute have been held to be good at common law, but in all those cases, the parties to the instrument are right, and the bond is in substance such as by law they have a right to make." This language of the court is much relied upon by the defendants in the present case. Here, the bond is such as the parties have a right to make, and therefore the parties must be right. In the case cited it was otherwise.

*Action to stand for trial.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.